## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHYNELL PEARSALL** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 21-CV-3909** |
| | : | |
| **COMENITY BANK/CAESARS,** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    NOVEMBER 1, 2021

## M E M O R A N D U M

Plaintiff Shynell Pearsall ("Pearsall") filed a *pro se* Complaint against Comenity Bank/Caesars ("Comenity"), alleging violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collections Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), and the Telephone Consumer Protection Act ("TCPA").  (ECF No. 2.)  Pearsall also filed a *Motion for Leave to Proceed In Forma Pauperis.*  (ECF No. 1.)  For the following reasons, Pearsall will be granted leave to proceed *in forma pauperis,* and her Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to file an Amended Complaint.

## I.     FACTUAL ALLEGATIONS[1]

Pearsall filed a form Complaint to commence this action.  The form itself is essentially blank and refers to attachments to provide substance to Pearsall's claims.  Attached as Exhibit C to the Complaint is a "Statement of Claim."  (ECF No. 2-1 at 9-11.)  Therein, Pearsall alleges that she is a "consumer" as defined in 15 U.S.C. § 168a(c) of the FCRA, and that Comenity is a "self-

---

[1] The allegations set forth in this Memorandum are taken from Pearsall's Complaint and the exhibits thereto. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

proclaimed financial services company located in Ohio." (*Id.* at 9.) She identifies an account number, presumably her account with Comenity; *to wit*: 41277777XXXX. (*Id.*)

Pearsall asserts a claim under the FCRA based on the following: that Comenity "falsely reported incorrect debt information to the national credit reporting agencies including but not limited to, the incorrect debt amount, account status, and status update." (*Id.*) She further alleges that a high balance amount of $12,125.00 that was reported to national consumer reporting agencies was incorrect. (*Id.*) Pearsall refers to Exhibit A, which appears to be a credit report prepared by Experian for Pearsall based on her Comenity account. (*See id.* at 2.) The report reflects that a credit card account was opened on May 7, 2018, that the account was closed as of the date of the report, that the account status was updated in July 2020, and that there was no balance owed as of the date of the report. (*Id.*)

Pearsall next asserts a claim under the FDCPA wherein she alleges that Comenity's debt collection efforts violated § 1692e of the FDCPA which, she alleges, prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of a debt. (*Id.* at 10.) Pearsall claims that Comenity violated § 1692e because "the credit report falsely represents the true amount of the debt in violation of § 1692e(2)(A)" and because Comenity made false and deceptive representations. (*Id.*) Pearsall also alleges that, beginning in 2020, she began receiving calls from Comenity in an effort to collect a debt, and that during the calls, Comenity did not inform her that making a payment toward the debt would re-age the debt "which would make the contract invalid." (*Id.* at 9-10.) She claims that she was unfairly misled by Comenity, and that billing and collections complaints have been lodged against Comenity. (*Id.* at 10.) She refers to Exhibit B, which appears to be a profile of Comenity Capital Bank prepared by the Better Business Bureau. (*See id.* at 4.)

Pearsall also asserts a claim under the TCPA wherein she alleges that beginning in 2020, she began receiving calls to her phone from Comenity in an effort to collect a debt, that she received over 200 calls, and that the excessive number of calls affected her ability to use her phone or work and caused emotional and physical distress. (*Id.* at 10.) She refers to Exhibit C, which is the Statement of Claim.

Pearsall also asserts a claim under the TILA wherein she alleges that Comenity misled her about its lending practices and that she was "not informed on full lending disclosures." (*Id.*)

Pearsall claims that as a result of Comenity's conduct, she suffered loss of credit, loss of ability to purchase, loss of benefit from credit, increased interest rates, loss of loans, humiliation and embarrassment. (*Id.*) In her form Complaint, she requests recovery of compensatory, statutory, and punitive damages. (ECF No. 2 at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Pearsall leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774,

782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Pearsall is proceeding *pro se*, the Court also construes her allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.   FCRA Claim

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that (s)he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information."  *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can

sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).  Here, Pearsall alleges only that Comenity "falsely reported incorrect debt information to the national credit reporting agencies," and, specifically, that the amount of the debt reported was inaccurate.  (ECF No. 2-1 at 9.)  Pearsall does not allege that she filed a notice of dispute with the credit reporting agency, that the agency notified Comenity of the dispute, or that Comenity failed to investigate and modify the inaccurate information.

Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that (s)he disputed the information with the credit reporting agency, and that the defendant failed to reasonably investigate the dispute after having been notified by the credit reporting agency, (s)he has failed to state a plausible violation of the statute.  *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").  Here, Pearsall has not stated a plausible claim under the FCRA and, therefore, her claim will be dismissed.  Because the Court cannot state with certainty that Pearsall cannot state a plausible claim, she is granted leave to amend the complaint.

### B.    FDCPA Claim

The FDCPA, "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors."  *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005).  "'To state a claim under the FDCPA, a plaintiff must

establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley*, 415 F. Supp. 3d at 512-13 (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See id.* at 513 ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA."); *Astarita v. Solomon & Solomon, PC*, Civ. A. No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content — such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt — which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA."); *see also Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Here, Pearsall provides no allegations as to the nature of the debt at issue, the current amount of the debt, whether the debts is in arrears, the dates and times Comenity contacted Pearsall regarding the debt, or the contents of those communications.  Absent these facts, the Court cannot draw an inference that Comenity has violated any provision of the FDCPA, and Pearsall has, therefore, not stated a plausible claim.

Additionally, the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  This statutory language focuses "on third party collection agents working for a debt owner – not on a debt owner seeking to collect debts for itself."  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017).  In contrast, "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  15 U.S.C. §1692a(4).

It appears from the Statement of Claim and the attached Exhibit A that Comenity is a creditor, not a debt collector, and the FDCPA "applies only to 'debt collectors . . . .'"  *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018).  Creditors—*i.e.*, entities offering or extending credit creating a debt or entities to whom a debt is owed—are generally not subject to the FDCPA.  *Id.*  Pearsall cannot state an FDCPA claim against Comenity if its involvement here was in its capacity as a creditor.  The facts as alleged, however, are insufficient to make this determination.  Pearsall's FDCPA claim is not plausible and is dismissed.  Since the Court cannot state that Pearsall cannot state a plausible FDCPA claim, Pearsall is granted leave to amend the complaint.

## C.    TCPA Claim

The TCPA "governs automated calling, and limits autodialed and prerecorded voice calls and texts.  It also authorizes a private cause of action to people who receive calls that violate the Act, including statutory damages of $500 for each violation."  *Perrong v. Victory Phones, LLC*, 519 F.Supp.3d 193, 195 (E.D. Pa. 2021) (citing 47 U.S.C. § 227(b)(3)).  In order to state a claim under § 227(b) of the TCPA, a plaintiff must allege that "'(1) the defendant called a cellular

telephone number; (2) using an [automated telephone dialing system ("ATDS")]; (3) without the recipient's prior express consent." *Camunas v. Mational Republican Senatorial Comm*., Civ. A. No. 21-1005, 2021 WL 2144671, at *4 (quoting *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5642653, at *3 (E.D. Pa. Sept. 21, 2020)).  In order to state a claim under § 227(c) of the TCPA, plaintiffs must allege that "(1) they receive[d] multiple calls within twelve months, (2) by or on behalf of the same entity, (3) on a residential phone registered on the [Do Not Call] List.'" *Camunas*, *supra*, at *6 (internal quotation omitted).

Pearsall does not identify which section of the TCPA she believes Comenity violated. However, her allegations do not state a plausible claim under either section of the TCPA.  Pearsall alleges only that, beginning in 2020, she started receiving calls on her phone from Comenity to collect an alleged debt.  She alleges that she received over 200 calls and that the calls affected her ability to use the phone to work and caused emotional and physical distress.  (ECF No. 2-1 at 10.) These allegations do not state a plausible claim under § 227(b) because Pearsall does not allege that the calls were directed to a cell phone, that an ATDS was used, or that she did not consent to receive the calls.  These allegations also do not state a plausible claim under § 227(c) because she does not allege that the calls from Comenity were directed to a residential phone registered on the Do Not Call List.  As such. Pearsall's TCPA claim is dismissed as not plausible.  However, she is granted leave to amend this claim.

### D.    TILA Claim

"Congress enacted TILA in 1968, as part of the Consumer Credit Protection Act, Pub.L. 90–321, 82 Stat. 146, as amended, 15 U.S.C. § 1601 *et seq.,* to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit,' § 102, codified in 15 U.S.C. § 1601(a)." *See Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 53–54 (2004).  The TILA "requires

lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosures." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998). Claims under the TILA must be brought within one (1) to three (3) years of the alleged violation. *See* 15 U.S.C. § 1640(e).[2]

Here, Pearsall alleges that Comenity misled her about its lending practices and that she was "not informed on full lending disclosures," but she does not state when this occurred. The Experian credit report attached to Pearsall's Complaint reflects that Pearsall opened a credit card account with Comenity on May 7, 2018. (ECF No. 2-1 at 2.) Disclosures regarding Comenity's credit terms were presumably made available to her at that time. Because Pearsall did not file this action until August 2021, the face of the Complaint suggests that her TILA claim may be time-barred.

The statute of limitations for TILA claims, however, "is not jurisdictional and is therefore subject to equitable tolling." *Ramadan*, 156 F.3d at 505. Nothing in Pearsall's Complaint or Statement of Claim plausibly suggests that the statute of limitations should be tolled for a sufficient period of time that would render her TILA claims timely filed due to any allegedly fraudulent concealment by Comenity. *See Williams v. EMC Mortg. Corp.*, No. 12-1215, 2013 WL 1874952, at *4 (E.D. Pa. May 3, 2013) (noting that "equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the

---

[2] 15 U.S.C. § 1640(e) provides, in pertinent part, as follows:

> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . . Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15 U.S.C. § 1640(e).

plaintiff in some extraordinary way has been prevented from asserting his or her rights); or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum").  While Pearsall's TILA claim is subject to dismissal at this time, she is given leave to amend the complaint, in the event that she can assert plausible allegations of fraudulent concealment that would serve to toll the limitations period.[3]  *See Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 (3d Cir. 2013) (*per curiam*) (vacating dismissal of *pro se* plaintiff's TILA claims to allow him to amend to include fraudulent concealment allegations).

## IV.    CONCLUSION

For the reasons stated, Pearsall's application for leave to proceed *in forma pauperis* is granted and her Complaint dismissed, without prejudice, for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Pearsall is granted leave to amend her Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO*, U.S.D.C. J.

---

[3] Allegations of fraudulent concealment must satisfy the requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  Therefore, Pearsall must plead these allegations with particularity.  *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Accordingly, Pearsall "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).